IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| BRANDEN WALLACE, | § | |
| | § | |
| Defendant Below, | § | No. 295, 2019 |
| Appellant, | § | |
| | § | |
| v. | § | Court Below–Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID No. 1004000821 (N) |
| Plaintiff Below, | § | |
| Appellee. | § | |
| | § | |

Submitted: August 30, 2019
Decided:   October 31, 2019

Before **VAUGHN**, **SEITZ**, and **TRAYNOR**, Justices.

## <u>**ORDER**</u>

After careful consideration of the appellant's opening brief, the State's motion to affirm, and the record below, we conclude that the judgment below should be affirmed on the basis of and for the reasons assigned by the Superior Court in its June 13, 2019 order summarily dismissing the appellant's second motion for postconviction relief. Contrary to the appellant's contention, a claim of ineffective assistance of postconviction counsel does not relieve a defendant of the burden of satisfying the requirements of Superior Court Criminal Rule 61(d)(2) in order to avoid the summary dismissal of a second

or subsequent postconviction motion.[1]  Moreover, the appellant does not have a constitutional right to challenge the effectiveness of his postconviction counsel because he had no constitutional right to counsel in those proceedings.[2]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice

---

[1] *Durham v. State*, 2017 WL 5450746, at *2 (Del. Nov. 13, 2017).
[2] *Asbury v. State*, 2019 WL 4696781, at *4 (Del. Sept. 25, 2019).